IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) | |
| JAREECE EDWARD BLACKMON | ) | |
| WILLIAM JAMES COLEMAN, III | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Jareece Blackmon's unopposed motion to continue trial (doc. 60) filed on February 18, 2020. Jury selection and trial is presently set on the term of court commencing on May 11, 2020. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for Blackmon represents that discovery in this complex case is voluminous and includes videos, some of which are on disks, are unreadable, and must be reproduced. Consequently, counsel requires additional time to adequately review and evaluate the discovery, and to prepare for trial. Neither the Defendant's co-defendant, William Coleman, III, nor the United States opposes a continuance. After careful consideration, the court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the defendants in a speedy trial.

Thus, for good cause, it is

ORDERED that the motion to continue (doc. 60) is GRANTED, and jury selection and trial are CONTINUED from May 11, 2020 to the criminal term of court commencing on July 20, 2020 at 10:00 a.m. in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

Done this 28th day of February, 2020.

    /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE