**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 1:19-CR-230-ECM-SRW |
| **JAREECE EDWARD BLACKMON,** | ) ) ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO REDACT FROM THE INDICTMENT AND EXCLUDE ANY EVIDENCE OR TESTIMONY REGARDING PRIOR FELONY CONVICTIONS PURSUANT TO OLD CHIEF v. UNITED STATES**

**COMES NOW** the defendant, JAREECE EDWARD BLACKMON, by and through his attorney of record, Richard K. Keith, and hereby moves *in limine* for an order directing the United States to refrain from placing any statement, argument, or testimony before the jury concerning Mr. Blackmon's criminal record with the exception of the stipulated fact that he was previously convicted of a felony offense.

This motion applies to Counts 2, 4, and 7 of the indictment where the Defendant is charged with being a convicted felon in possession of a firearm pursuant to Title 18 U.S.C. § 922(g)(1).

In support of this motion, Defendant relies upon the case of Old Chief v. United States, 519 U.S. 172 (1997). In Old Chief, the Court held that in a prosecution for possession of a weapon by a convicted felon, if the defendant admits his status as a convicted felon, the government should be barred, under Rule 403 of the Federal Rules of Evidence, from introducing evidence about the nature of the prior offense(s). Id. at 191. Such a stipulation, the Court added, would present "seemingly conclusive evidence" of the prior-felony-conviction element required of § 922(g)(1). Id. at 186.

Moreover, the stipulation would carry the same evidentiary value that the Government's reading of the Defendant's criminal record would carry but would prevent the jury from being exposed to the "especially obvious" unfair prejudice that evidence of the name or nature of the prior offense generally carries. Id. at 185.

Here, Mr. Blackmon is willing to stipulate to having been previously convicted of a prior felony offense. The Trial Court may then inform the jury of the stipulation therefore relieving the Government of its burden of proving the Defendant's status as a convicted felon. Accordingly, there will be no reason for the government or any of its witnesses to provide testimony going to establish the element of prior felony convictions. See U.S. v. Hardin, 139 F.3d 813, 815-816 (C.A. 11 (Ga.) 1998) (the government need not provide any evidence of the defendant's felony status if the defendant agrees to stipulate to it); U.S. v. Mason, 85 F.3d 471, 472 (10th Cir.1996) ("[T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element.").

**WHEREFORE**, the above premises considered, Mr. Blackmon moves this Honorable Court to accept his stipulation and issue and order prohibiting the Government from introducing any evidence regarding the specific nature of his prior felony conviction.

**Respectfully** submitted this 30th day of March, 2020.

/s/Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
560 S. McDonough St., Ste. D
Montgomery, AL  36104-4605
Telephone: (334) 264-6776
Facsimile:  (334) 460-0473

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the proper parties.

                /s/ Richard K. Keith
                **OF COUNSEL**