IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:19-cr-230-ECM |
| | ) | |
| JAREECE EDWARD BLACKMON | ) | |

THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE
REGARDING OLD CHIEF v. UNITED STATES

Comes now the United States of America, by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and hereby respectfully responds to the Defendant's motion in limine (Doc. 78) as follows:

1.  Pursuant to Old Chief v. United States, 519 U.S. 172 (1997), if the Defendant stipulates that, previous to the time of the charged offenses, he had been convicted of a felony offense, the United States agrees that it will not introduce evidence of the specifics of that conviction for the purpose of establishing that element of the offenses charged pursuant to Title 18, United States Code, Section 922(g)(1).  Because the Indictment merely states that the Defendant had previously been convicted of a felony offense and does not contain any specific information regarding the Defendant's prior felony convictions, there is no need to redact the Indictment.

2.  However, such a stipulation by the Defendant does not prevent the United States from presenting more specific evidence of the nature of the Defendant's prior convictions if it is otherwise admissible pursuant to Federal Rule of Evidence 404(b).  "The issue of substituting [records of the conviction for a general stipulation] normally arises only when the record of conviction would not be admissible for any purpose beyond proving status, so that excluding it

would not deprive the prosecution of evidence with multiple utility; if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.,* to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' Fed. Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to seek its admission." Old Chief, 519 U.S. at 190.

3.  The United States previously filed a motion in limine requesting that it be allowed to introduce evidence that the Defendant has previously been convicted of three marijuana related convictions as "other acts evidence" pursuant to Rule 404(b) of the Federal Rules of Evidence. See Doc. 81. The United States requests that the arguments made in Doc. 81 be fully incorporated herein.

Respectfully submitted, this the 8th day of April, 2020.

                                                 LOUIS V. FRANKLIN, SR.
                                               UNITED STATES ATTORNEY

                                               /s/*Kevin P. Davidson*
                                               KEVIN P. DAVIDSON
                                               Assistant United States Attorney
                                               131 Clayton Street
                                               Montgomery, Alabama 36104
                                               (334) 223-7280
                                               (334) 223-7135 Fax
                                               kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.                                                   ) | CR. NO. 1:19-cr-230-ECM |
| ) | |
| JAREECE EDWARD BLACKMON   ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 8th, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve a copy upon all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

/s/*Kevin P. Davidson*
KEVIN P. DAVIDSON
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
kevin.p.davidson@usdoj.gov

3