IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) | (WO) |
| JAREECE EDWARD BLACKMON | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Jareece Edward Blackmon ("Blackmon") was charged on September 11, 2019, in a superseding indictment with one count of conspiracy to distribute and possess marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of use and discharge of a firearm to commit murder during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1)(A), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 28).

On March 30, 2020, Blackmon filed a motion *in limine* to "redact from the indictment and exclude any evidence or testimony regarding prior felony convictions." (Doc. 78). Relying on *Old Chief v. United States*, 519 U.S. 172 (1997), Blackmon asserts he "is willing to stipulate to having been previously convicted of a prior felony offense," and, thus, the government has not need to introduce any evidence related to his prior felony convictions. (*Id*. at 2). In response, the government asserts that "if the Defendant stipulates that, previous to the time of the charged offenses, he had been convicted of a

felony offense, the United States agrees that it will not introduce evidence of the specifics of that conviction for the purpose of establishing that element of the offenses charged pursuant to Title 18, United States Code, Section 922(g)(1)."  (Doc. 82 at para. 1).  The government contends, however, that, pursuant to Fed. R. Evid. 404(b), it should be permitted to present evidence related to the Defendant's prior convictions "if it is otherwise admissible."  (*Id*. at paras. 2–3).

In addition, on April 6, 2020, the government filed a motion *in limine* regarding Blackmon's prior drug related convictions requesting the Court "issue a pre-trial ruling permitting, pursuant to Federal Rule of Evidence 404(b), evidence of [Blackmon's] prior narcotics related convictions as evidence of his intent to commit the charged offense." (Doc. 80 at 1).  Blackmon opposes the government's motion *in limine* arguing that "the prejudicial weight of 404(B) evidence far outweighs its probative value," and the government should be prohibited from "introducing any evidence regarding the specific nature of his prior felony conviction."  (Doc. 83 at 5).

On October 30, 2020, the Court heard oral arguments on the motions *in limine*. Although the Defendant offered to stipulate that he is a convicted felon for purposes of Counts 2, 4, and 7 of the Indictment, those are not the only charges against him.  Because the Defendant is also charged with drug conspiracy, use and discharge of a firearm to commit murder during and in relation to a drug trafficking offense, possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking offense, the Defendant's prior convictions may be relevant or material to the

other counts at trial, and thus, admissible.  The Court orally denied the motions without prejudice with leave to raise the issues at trial.

Accordingly, it is

ORDERED that, as stated in open court, the motions *in limine* (docs. 78, 80, and 106) are DENIED without prejudice with leave to raise during trial.  Counsel are DIRECTED, prior to the commencement of the introduction of this evidence at trial, to notify both the Court and opposing counsel, and to allow the Court an opportunity to rule on the admissibility of this evidence.

DONE this 17th day of November, 2020.

                                      /s/Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE