IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 1:19-cr-230-ECM |
| ) | (WO) |
| JAREECE EDWARD BLACKMON ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Jareece Edward Blackmon ("Blackmon") was charged on September 11, 2019, in a superseding indictment with one count of conspiracy to distribute and possess marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of use and discharge of a firearm to commit murder during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1)(A), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).  (Doc. 28).

On October 25, 2019, Blackmon filed a motion to suppress "the evidence found in a search of his residence on August 16, 2017, as well as any fruits of that evidence or statements made as a result of that unlawful search."[1]  (Doc. 43 at 1). At the evidentiary hearing, Blackmon affirmed that the only evidence he seeks to suppress is the black duffel bag containing twenty pounds of marijuana.  (Doc. 103 at 79).  Blackmon asserts that the

---

[1] The relevant facts are set forth in the Magistrate Judge's Report and Recommendation and, as such, are not set out in full herein.

officers "exceeded the scope of a protective sweep when they moved a refrigerator and opened the small freezer section," and "the black duffel bag and its contents are fruits of this illegal warrantless search." (Doc. 43 at 3). In his motion to suppress, Blackmon opines that, either in seeking a search warrant after the Defendant's arrest, the officers told the issuing Judge about the duffel bag and it influenced the Judge to sign the warrant, or "in the alternative, Officer Sweeny, intentionally or recklessly omitted the discovery of the black duffel bag from the warrant affidavit. . . ." (*Id*. at 4). Blackmon asserts that, under either scenario, the duffel bag should be suppressed. After an evidentiary hearing on the motion to suppress, the Magistrate Judge recommended that the Court deny the motion.[2] (Doc. 113). On July 2, 2020, Blackmon filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 119). Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons which follow, the Court concludes that the Defendant's objections are due to be OVERRULED, and the motion to suppress is due to be DENIED.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28

---

[2] On June 22, 2020, the Magistrate Judge entered a Report and Recommendation that Blackmon's motion to suppress be denied. (Doc. 112). On June 23, 2020, the Magistrate Judge entered an Amended Report and Recommendation. (Doc. 113). At this juncture, the Amended Report and Recommendation is the operative Report and Recommendation.

U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Defendant first objects to the Magistrate Judge's conclusion that the "officers did not exceed the scope allowed by law for a protective sweep of the premises after Blackmon's arrest." (Doc. 119 at 2). At the evidentiary hearing, officers testified about the events that led to Blackmon's arrest and the protective sweep of his residence. *See Maryland v. Buie*, 494 U.S. 325 (1990) (discussing the constitutional limits of protective sweeps conducted in conjunction with in-home arrests). After hearing all the testimony,

3

the Magistrate Judge found "that the task force officers' search of defendant's home was a valid protective sweep under both the first and second *Buie* criteria." (Doc. 113 at 24).

"[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *United States v. Williams*, 871 F.3d 1197, 1201 (11th Cir. 2017) (alteration in original; citation omitted); *see also United States v. Yarbrough*, 961 F.3d 1157, 1163 (11th Cir. 2020) ("Officers executing a valid arrest may conduct a protective sweep."). It is undisputed that the officers were at the residence to execute a valid warrant for Blackmon's arrest on a charge of murder. After arresting Blackmon, they entered the residence to conduct a protective sweep because they were concerned there were other persons within the residence.[3] After two other individuals were removed from the premises, officers at the rear of the residence observed the movement of blinds in the back bedroom. The movement of the blinds suggested that another person might have been in the residence, and that person could have posed a danger to the officers.

> To protect their safety while making, and after, an arrest, law enforcement officers may also perform a "protective sweep" of the residence. *Buie*, 494 U.S. at 327, 334, 110 S.Ct. at 1094, 1098. A protective sweep is an exception to the general

---

[3] Blackmon also argues that "it was not reasonable, nor lawful, for the police to continue to conduct a search after the arrest warrant was completely executed." (Doc. 119 at 3). This objection lacks merit and warrants only brief mention. Blackmon cites the Court to no authority to support his position that the officers could not perform a protective sweep of the residence because Blackmon was in custody. More importantly, the officers were entitled to take "reasonable steps to ensure their safety after, and while, making the arrest." *Buie*, 494 U.S. at 334. A protective sweep is "aimed at protecting the arresting officers," and was warranted in light of the officers' belief that other persons remained in the residence. The Defendant's objection on this basis is due to be overruled.

> requirement that officers need exigent circumstances and probable cause, or a search warrant, to conduct a search of a person's home. *Id.* at 333-34, 110 S.Ct. at 1098. A protective sweep involves only a "cursory inspection of those spaces where a person may be found" and ends when the reasonable suspicion of danger is dispelled. *Id.* at 335-36, 110 S.Ct. at 1099. In conducting a protective sweep, officers are permitted to look in "closets and other spaces immediately adjoining the place of arrest"—with or without probable cause or reasonable suspicion—because the threat of danger is greatest there. *Id.* at 334, 110 S.Ct. at 1098. To search more removed areas of the residence, however, officers must have at least a reasonable suspicion of the presence of dangerous individuals. *Id.* That is, "there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.*

*Williams*, 871 F.3d at 1201–02.

Officer Dodson testified that when the officers approached the kitchen area, the refrigerator was canted away from the wall—"sitting somewhat of an angle off of the wall, enough that you could put a human behind it." (Doc. 103 at 44). Dodson grabbed the freezer handle—the only handle on the refrigerator—and pulled the refrigerator towards him so the other officer could see behind the appliance. When Dodson yanked the refrigerator towards him, the freezer opened, and the duffel bag fell out. (*Id*. at 45). Based on the officers' reasonable belief that a person could hide behind the refrigerator, the Magistrate Judge concluded, and the Court agrees, that the officers' actions constituted a permissible protective sweep. *See Buie*, 494 U.S. at 334 ("[A]s an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable

suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched."). The Defendant's objection that the protective sweep exceeded the scope permitted by law is due to be overruled.

To the extent that Blackmon is challenging the Magistrate Judge's credibility findings related to the officers' testimony, his objections on this basis are also due to be overruled. When accepting the Magistrate Judge's credibility findings, the district court must review the transcript or listen to a recording of the proceedings. *Jeffrey S.*, 896 F.2d at 513. The Court is not required to rehear the testimony. *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010). The Court has carefully reviewed the transcript from the evidentiary hearing as well as the exhibits admitted into evidence at the evidentiary hearing. The Court finds no basis to disturb the Magistrate Judge's credibility findings that Officer Dodson pulled the refrigerator handle to check behind the appliance for a person, and the duffel bag fell out of the freezer. The Magistrate Judge's Recommendation is detailed, well-reasoned and supported by the testimony. The Court concludes that the Magistrate Judge's credibility determinations and her factual findings support her legal conclusion that the protective sweep was valid. Blackmon's objections to the Magistrate Judge's credibility determinations and factual findings are due to be overruled.

Finally, Blackmon argues that the officer seeking the search warrant issued after the Defendant's arrest omitted "the circumstances of the unlawful search from his affidavit with the purpose of ensuring the bag's admissibility as legally obtained evidence." (Doc.

119 at 4). Blackmon's conclusory allegations that the protective sweep was unlawful, and thus tainted the search warrant affidavit, are simply insufficient as a matter of law. Blackmon points the Court to no evidence that the officer "intentionally omitted the circumstances" of the protective sweep from his affidavit, and his objection on this basis is due to be overruled.

The Court pretermits discussion of the Defendant's objection regarding the applicability of the doctrine of inevitable discovery as the Court concludes that the Defendant's motion to suppress is due to be DENIED on the basis that the protective sweep was valid.

## CONCLUSION

For the reasons as stated, the Court concludes the Defendant's motion to suppress (doc. 43) is due to be denied. Accordingly, it is

ORDERED as follows that:

1. the Defendant's objections (doc. 119) are OVERRULED;

2. the Amended Report and Recommendation of the Magistrate Judge (doc. 113) is ADOPTED; and

3. the Defendant's motion to suppress (doc. 43) is DENIED.

Done this 17th day of November, 2020.

        /s/Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE