IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) |
| JAREECE EDWARD BLACKMON | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Jareece Blackmon's unopposed motion to continue trial (doc. 172) filed on November 19, 2020. Jury selection and trial is presently set on the term of court commencing on December 7, 2020. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Due to the recent rise in cases of Coronavirus Disease 2019 (COVID-19) in Alabama, coupled with the anticipated length of the trial and the numerous witnesses that are expected to testify, counsel are concerned about the potential health issues that may develop prior to and during the trial. In addition, counsel for Blackmon represents that additional time is necessary to adequately prepare his expert witness for trial in this complex case which includes a charge of murder.  The United States does not oppose a continuance.  After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the defendants in a speedy trial.  Thus, for good cause, it is

ORDERED that the motion to continue (doc. 172) is GRANTED, and jury selection and trial are CONTINUED from December 7, 2020 to a specially set criminal term of court commencing on **March 8, 2021** at 10:00 a.m. in Montgomery, Alabama.[1]   All deadlines tied to the trial date are adjusted accordingly.

---

[1] The parties previously agreed to try the case in Montgomery and to select the jury from the Northern Division.

The United States Magistrate Judge shall conduct a pretrial conference prior to the March trial term.

Done this 20th day of November, 2020.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE