IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) (WO) |
| JAREECE EDWARD BLACKMON | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion for a *Daubert* hearing (doc. 162) filed on October 30, 2020. The Defendant challenges the government's failure to provide sufficient "detail of its expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G)." (Doc. 162 at 2). The Defendant also asserts that "the Government has not established that its proposed expert testimony meets the structures of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1989)." (*Id*.). The government filed a response (doc. 165), and the Defendant filed a reply to the government's response. (Doc. 168). After a careful review of the parties' briefs, the evidence submitted in support of and in opposition of the motion, and the applicable law, the Court concludes that the Defendant's motion for a *Daubert* hearing is due to be DENIED.

The admissibility of expert opinions is governed by Fed. R. Evid. 702,[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Daubert*'s progeny. The Court serves

---

[1] Rule 702 provides:

    A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

as a "gatekeeper" by determining "whether the testimony has 'a reliable basis in knowledge and experience of [the relevant] discipline that any and all scientific testimony or evidence admitted is not only relevant but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592). The Court must consider three factors in determining the admissibility of expert testimony:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Gayden*, 977 F.3d 1146, 1153 (11th Cir. Oct. 9, 2020). *See also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty, Fl.*, 402 F.3d 1092, 1107 (11th Cir. 2005).

Although Blackmon requests a *Daubert* hearing, he offers no cogent reason why the Court should hold such a hearing. His motion, combined with his reply to the government's response, consists of four pages of generality: Blackmon refers to Federal Rule of Evidence 104(a); his motion and reply contain no specificity, discuss no facts, and formulate no legal

---

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

2

analysis.[2] Blackmon attaches multiple pages of exhibits to his motion and reply, but he does not explain to the Court why these exhibits support his motion for a *Daubert* hearing or the exclusion of the expert's testimony. The law in the Eleventh Circuit is clear that *Daubert* hearings are not required, and the Court is under no obligation to hold one. *Cook*, 402 F.3d at 113; *Corwin*, 475 F.3d at 1252, n.10. *See also, United States v. Rodriguez*, 591 F. App'x 897, 898 (11th Cir. 2015) ("[I]t is clear that a district court need not conduct a *Daubert* hearing where one would be unnecessary.").[3]

In his motion for a Daubert hearing, Blackmon also "objects to the admission of records to historical cell site information and to its expected testimony"[4] (doc. 162 at 2) which the Court construes as a motion *in limine* to exclude the government's expert witness. Blackmon does not provide the Court with the basis upon which he is challenging the evidence and expert testimony. He cites the Court to no legal grounds for excluding the evidence and offers no legal authority or analysis in support of his motion. Instead, in his motion, he refers the Court to transcripts from a 2015 state court proceeding in California and states the testimony "reflects the grounds for this motion." (Doc. 162 at 2). While the Court has reviewed the documents submitted by the Defendant, it is not the

---

[2] Blackmon cites the Court to a 1987 case for a general proposition regarding the burden of proof for the admissibility of evidence. (Doc. 168 at 2).

[3] While the Court recognizes that *United States v. Rodriguez* is an unpublished opinion, the Court finds the reasoning of *Rodriguez* persuasive.

[4] In his motion, Blackmon initially asserted that in contravention of Federal Rule of Criminal Procedure 16(a)(1)(G), the government had failed to provide sufficient detail of its proposed expert's testimony. However, after the government filed its response describing the expert's credentials and expected testimony, in his reply, Blackmon presents no argument regarding the sufficiency of the written summary. Consequently, the Court concludes that the Defendant has abandoned this argument, and to the extent that his motion is based on Fed. R. Crim. P. 16(a)(1)(G), it is due to be denied.

Court's responsibility to analyze 116 pages of testimony to attempt to ascertain the basis of the Defendant's motion.  Blackmon makes no argument that the government's expert is not qualified, or that the methodology utilized by the expert is unreliable.  The Court is compelled to observe that in "presenting arguments to busy trial courts, subtlety is no virtue," *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499 (11th Cir. 1990).

In its response, the government identifies Federal Bureau of Investigation Special Agent James "Jay" Berni ("Berni") as its expert witness in the area of cellular telephone communications and historical cell site analysis.  (Doc. 165 at 1–2).  The government provides Berni's credentials, (*id*. at Ex. 1), and describes his proposed testimony.

> Before testifying about the records and cell phone locations relevant to this case, Agent Berni will provide an overview of the functioning of cellular communication networks and explain the fundamentals of historical cell site analysis. He will then testify that he has reviewed records relating to several phone numbers, as relevant to this case, including a number used by the defendant.
> Agent Berni will then explain the extent to which the defendant's phone and/or the other relevant numbers were serviced by the towers in the general geographic area of the murder charged in the indictment. Based on the business records of the cellular providers, he will testify—where possible—which sections ("sectors") of the towers were used to service the defendant's phone, further narrowing the general geographic location of the phones at the times calls were made during the murder. Agent Berni will not testify that any phones were in a precise location during the calls in question. He will testify to the general location of the phone relative to the cell towers near the sites of the murder and the times the phone was used to make calls that transmitted through those towers.

(*Id.*)

As noted, Blackmon does not challenge Berni's qualifications.  In fact, "Agent Berni

has testified as an expert in historical cell site analysis in both federal and state courts in Minnesota and Alabama, as well as in the Eastern District of Virginia." *United States v. Frazier*, 442 F. Supp. 3d 1012, 1022 (M.D. Tenn., March 2, 2020). Thus, at this juncture, the Court concludes that the Defendant has offered no reason to exclude Berni's testimony based on his qualifications. Of course, at trial the government would be required to lay the proper foundation to qualify Berni as an expert on historical cell-site analysis.

Turning to the second prong of the *Daubert* analysis, Blackmon makes no argument and points the Court to no facts challenging the methodology or reliability of cell-site analysis. "District courts that have been called upon to decide whether to admit historical cell-site analysis have almost universally done so." *United States v. Hill*, 818 F.3d 289, 297 (7th Cir. 2016). Of concern perhaps would be the possibility of overbroad testimony. For example, in *Hill*, the court was worried that a "jury might overestimate the quality of the information provided by [historical cell-site] analysis." *Id*. at 299. To combat this possibility, the court "caution[ed] the government not to present cell-site evidence without clearly indicating the level of precision—or imprecision—with which that particular evidence pinpoints a person's location at a given time." *Id*. In the case at bar, the government represents that Berni will testify to the general geographic area of towers that serviced the Defendant's cell phone during the time of the murder charged in the indictment. According to the government,

> Agent Berni will not testify that any phones were in a precise location during the calls in question. He will testify to the general location of the phone relative to the cell towers near the sites of the murder and the times the phone was used to make calls that transmitted through those towers.

5

(Doc. 165 at 2).

Thus, at this juncture, the Court declines to exclude Berni's expert testimony. Of course, the Defendant is free to object if he believes the testimony Berni offers at trial violates any evidentiary rule.

Finally, in his reply to the government's response, Blackmon attaches his own expert's opinion contradicting Berni's cell-site analysis, and a list of three cases from his expert that he contends supports his motion: *United States v. Thornton*, 1:13cr466-AT-1 (N.D. Ga. 2014); *United States v. Evans*, 892 F. Supp. 2d 949 (N.D. Ill. 2012); and *State of Alabama v. Cargill* (no citation provided or found). Blackmon's reliance on these cases is misplaced. While the courts held *Daubert* hearings in the federal cases, both courts declined to exclude the expert witness' testimony. As best the Court can discern, Blackmon's objections to Berni's testimony go to the weight of the testimony, and not to its admissibility. *See generally Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003); *see also, Frazier*, 442 F. Supp. 3d at 1024. Cross-examination is the appropriate mechanism to attack Berni's findings and conclusions.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that Blackmon's motion for a *Daubert* hearing and motion *in limine* to exclude expert testimony (doc. 162) are DENIED.

Done this 23rd day of November, 2020.

                                          /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE