IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) (WO) |
| JAREECE EDWARD BLACKMON | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion to sever (doc. 195) filed on May 10, 2021. The Defendant asserts that Count Seven (7) of the Superseding Indictment should be severed from the remaining charges. (*Id.*). The government filed a response (doc. 202), and the Defendant filed a reply to the government's response. (Doc. 203). After a careful review of the motion, the parties' briefs, and the applicable law, the Court concludes that the Defendant's motion to sever is due to be DENIED.

**DISCUSSION**

The majority of the offense for which Blackmon has been indicted occurred in Coffee County, Alabama on August 15 and 16, 2017. Blackmon is charged in Count One of the Superseding Indictment with conspiracy to possess and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (846). In Counts Two and Four, he is charged with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In Count Three, Blackmon is charged with use and discharge of a firearm to commit murder during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and (j)(1). In Count Five, Blackmon is charged with knowingly possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). And in Count Six, he is charged

with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 28).

However, in Count Seven, Blackmon is charged with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in Montgomery County, Alabama on June 15, 2017. (*Id*.)

Blackmon argue that "he would be prejudiced by the joinder of Courts 1 through 6 with Court 7 of the Superseding Indictment as the allegations are separate and distinct from one another and for which the Defendant has a separate and distinct defense." (Doc. 195 at 2, para. 6). Blackmon asserts there are no similarities between Counts 1 through 6 and Count 7—specifically, the offenses occurred on different dates and in different counties. (Doc. 203 at 3, para. 6). In addition, Blackmon asserts that he has different defenses to the charges. (*Id*. at 2-3).

Blackmon does not assert that joinder is improper under Fed. R. Crim. P. 8(a).[1] Rather, he asserts that joinder is prejudicial under Fed. R. Crim. P. 14. To be entitled to a

---

[1] Even if he did challenge joinder under Rule 8(a), the Court concludes that joinder is not improper under Rule 8(a). A motion under Fed. R .Crim. P. 8(a) questions the propriety of joining two or more offenses in a single indictment in the first instance. Rule 8 permits an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In addition, Rule 8 is "construed broadly in favor of initial joinder, allowing joinder of offenses that 'are of the same or similar character,' even if such offenses do not arise at the same time or out of the same series of acts or transactions." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002).

Moreover, "Rule 8(a) . . . is construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). Blackmon is charged with conspiracy to possess with intent to distribute marijuana. He is also charged with use and discharge of a firearm to commit murder during and in furtherance of a drug trafficking crime, possession of a firearm during a drug trafficking offense, and being a convicted felon in possession of a firearm. All of Blackmon's charges involve controlled substances and firearms. Rule 8(a) requires that the offenses be of 'similar character' in category or type, and severance is not required merely because the offenses occurred at different times. *See Walser*, 3 F.3d at 385 ("While the offenses charged . . . are distinct in time . . ., they are nonetheless similar."). Thus, the Court concludes that the offenses are properly joined pursuant to Fed. R. Crim. P. 8(a).

severance under Rule 14, Blackmon must show that without a severance, he would be unable to receive a fair trial and he would suffer "compelling prejudice." *United States v. Lopez,* 649 F.3d 1222, 1234 (11th Cir. 2011); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1501 (11th Cir. 1993); *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989); *United States v. Pepe*, 747 F.2d 632, 650–51 (11th Cir. 1984) (defendant must show "specific and compelling prejudice" to warrant a severance).

Blackmon's burden is a heavy one. "The bar for showing that kind of prejudice is so high that only in the rarest case can a defendant clear it...." *Lopez,* 649 F.3d at 1235. To determine compelling prejudice "the defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the *only* proper remedy for that prejudice – jury instructions or some other remedy short of severance will not work." *Id.* at 1234 (emphasis added). *See also United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011) (Compelling prejudice may be demonstrated by a showing that the jury would be "unable to sift through the evidence and make an individualized determination" as to each offense.)

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a join trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Blackmon does not allege any specific prejudice that would require separate trials on counts one through six and count seven. *See United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (it is the defendant's burden to demonstrate "specific and compelling prejudice" to warrant a severance); *United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993) (conclusory

allegations are insufficient to meet the defendant's burden of demonstrating compelling prejudice). The defendant must assert "specific and exonerative facts" to warrant a severance, which he has failed to do. *See United States v. Novaton*, 271 F.3d 968, 990 (11th Cir. 2001).

Count Seven is a felon in possession of a firearm charge, however, merely joining that charge with other counts is insufficient to demonstrate compelling prejudice. *See Lopez*, 649 F.3d at 1242; *United States v. Mickens*, 408 Fed. Appx. 253, 255 (11th Cir. 2011). Although Blackmon asserts that he has a defense to Count 7, he alleges no reasons why the Court could not properly instruct the jury to consider the evidence as it relates to each offense. *See Walser,* 3 F.3d at 387 ("if the possible prejudice may be cured by a cautionary instruction severance is not required.")

The Court must also "balance the prejudice that a defendant may suffer . . . against the public's interest in judicial economy and efficiency." *Hill*, 643 F.3d at 828. The possibility of prejudice, which is what Blackmon asserts, is not enough. Consequently, the Court concludes that Blackmon failed to meet his burden demonstrating that he is entitled to severance on count seven of the superseding indictment.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that Blackmon's motion for a severance (doc. 195) is DENIED.

Done this 21st day of June, 2021.

                /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE