IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) | |
| JAREECE EDWARD BLACKMON | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion to continue trial (doc. 215) filed on July 7, 2021. Jury selection and trial in this case are presently set on the term of court commencing on July 21, 2021. For the reasons set forth below, the Court will continue the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to continue a trial, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to continue trial pursuant to § 3161(h)(7), the Court

"shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represent to the Court that additional time is necessary to properly prepare for trial in this complex case which includes a charge of murder. Because the Defendant is housed in the Montgomery City Jail, counsel represents that it has been difficult to schedule appointments to meet and adequately prepare the Defendant for trial and to go through the discovery which is voluminous. Consequently, the Court concludes that the ends of justice served by continuing this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that the motion to continue (doc. 215) is GRANTED and jury selection and trial are CONTINUED from July 12, 2021 to a specially set criminal term of court commencing on **September 13, 2021** at 10:00 a.m. in Montgomery, Alabama.[1] No deadlines are extended.

**The parties are specifically advised that absent extraordinary circumstances, this case will not continued again.**

Done this 8th day of July, 2021.

                                /s/Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The parties previously agreed to try the case in Montgomery and to select the jury from the Northern Division.