IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-230-ECM |
| | ) | |
| JAREECE EDWARD BLACKMON | ) | |

**MEMORANDUM OPINION and ORDER**

This case is presently set for jury selection and trial on the term of court commencing on September 13, 2021. For the reasons set forth below, the Court will continue the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to continue a trial, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to continue trial pursuant to § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result

in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Due to the recent rise of Delta variant COVID cases in Alabama, coupled with the anticipated length of trial and the numerous witnesses that are expected to travel and testify, potential health issues may develop prior to and during trial. In addition, because the Defendant is housed in the Montgomery City Jail, where in-person meetings are restricted due to COVID. The parties do not oppose a continuance. Consequently, the Court concludes that the ends of justice served by continuing this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that jury selection and trial are CONTINUED from September 13, 2021 to a specially set criminal term of court commencing on **November 29, 2021** at 10:00 a.m. in Montgomery, Alabama.[1] No other deadlines are extended. **The parties are specifically advised that absent extraordinary circumstances, this case will try in November 2021.**

Done this 23rd day of August, 2021.

                                              /s/Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The parties previously agreed to try the case in Montgomery and to select the jury from the Northern Division.