8-8-25

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Southern Division

RECEIVED
2025 AUG 19 P 1:03
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Dear Honorable Senior Chief Judge,

I am writing you in the interest of justice and judicial economy. I would like to inquire about an ambiguity that concerns Congress' intent as to Title 18 U.S.C. § 1111, the Federal Murder statue. Which is causing a grave injustice to me, Ja'Reece Edward Blackmon; Reg.# 17823-002, and further is causing the public to incur a debt, to provide for the incarceration of those individuals who, under a judgement of a U.S. District Court, are imprisoned in the Federal Bureau of Prisons.

I am requesting for you to "clarify" for me Congress Intent in the construction and ratification of 18 U.S.C. § 1111. The Eleventh Circuit instructions provide the following formulation:

1st: That the victim named in the indictment was Killed;

2nd: That the Defendant caused the death of the victim with "malice aforethought," as charged;

3rd: That the Defendant did so with "premeditated intent"; and

4th: That the Killing occured within the [special maritime] [territorial] Jurisdiction of the United States.

Under the felony-murder provision of section 1111(a) Congress intended the predicate crime to be defined by reference to the appropriate federal statue. Insertion of the word "any" in section 1111 does not allow the predicate crime to be defined by state or local statues.

Section 1111(a) covers the first three elements of felony-murder, and 1111(b) covers the fourth [territorial] jurisdictional element. Thus, my request to the Court is to clarify that if it is Congress' Intent to have sections (a) and (b) of 1111 to be applied in conjunction with one another? Meaning, if an individual is charged (by Indictment) with violating § 1111, may that individual be convicted of the offense of felony-murder if the Indictment fails to mention both (a) and (b), and the jury is never ~~instructed~~ (error) instructed on both (a) and (b), and thus, fails to finds the fourth [territorial] jurisdictional element.

Section 1111 adopts the common law doctrine of felony-murder, under which a defendant may be found guilty of first-degree murder when someone dies during the commission of a specified underlying felony. In addition to the predicate felonies listed in section 1111, 18 U.S.C. § 924(j), adds a violation of section 924(c) for using a firearm to commit a crime of violence or drug-trafficking crime to the list. Section 924(j) provides:

A person who, in the course of ~~the~~ (error) a violation of subsection (c), causes the death of a person through the use of a firearm, shall

(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life.

Section 924(j) includes 1111, as a means to define murder. Therefore, I ask the Court, "If Congress' intent was for sections (a) and (b) of 1111 to be applied conjuctively (e.g., separating the first three elements (sections (a)), from the fourth element (section (b) in convicting an individual for violating section 1111; how then does a District Court not include section 1111 (b) when charging the jury on a 924(j) offense?" Does this not go against the intent of Congress, due to the statutory interpretation of 1111(a) and (b)?

Your Honor, I respectfully request that you respond to this most urgent matter as soon as possible, as your expertise in this request, is highly valued and will undoubtedly serve in the public interest of justice.

Respectfully submitted,
A Concerned Citizen of the State of Alabama,
s/ [signature]